IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RASHEED THEODORE LOUALLEN, | ) | Civil Action No. 4:11-3372-TLW |
| | ) | Criminal No. 4:11-78-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Rasheed Theodore Louallen. ("Petitioner" or "Defendant"). On January 25, 2011, a federal grand jury returned a multi-count Indictment charging Petitioner with drug offenses in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(C) and 846. (Doc. # 1). On May 11, 2011, Petitioner pled guilty to Count 1 of the Indictment, Conspiracy to Distribute 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841 and 846. (Doc. # 313). On September 20, 2011, a sentencing hearing was held in which Petitioner was sentenced to a term of imprisonment of 168 months. (Docs. # 409 and # 451). Petitioner did not notice an appeal.

On December 12, 2011, Petitioner filed the present action raising one ground of relief. (Doc. # 505). Petitioner contends that he is serving an illegally enhanced sentence because his 2004 South Carolina conviction for Possession with Intent to Distribute Marijuana, 2nd Offense, should not have been counted against him as a predicate offense for purposes of career offender status. (Doc. # 505).

On January 4, 2012, the Government filed its response and moved for summary judgment. (Docs. # 519 and # 520). Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 19, 2012 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 533). Petitioner filed a reply memorandum on January 26, 2012. (Doc. # 553). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" <u>Leano v. United States</u>, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In <u>Leano</u>, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 <u>Leano</u>, 334 F. Supp. 2d at 890 (quoting <u>United States v. Mikalajunas</u>, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a

28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and motion for summary judgment as to the ground for relief raised by Petitioner. In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the

non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner's sole argument for relief is that his federal sentence was illegally enhanced based upon a prior South Carolina drug conviction. It is undisputed that the conviction at issue is Petitioner's 2004 conviction for the offense of Possession with Intent to Distribute Marijuana, 2nd Offense, for which the pre-sentence report indicates Petitioner served 90 days imprisonment. (Doc. # 414 at ¶ 49). It is likewise undisputed that while Petitioner was only sentenced to 90 days in prison as a result of this conviction, the offense in question carries with it a maximum term of incarceration of over one year. Petitioner acknowledges as much in his own reply brief where he writes: "In the case in Chief petitioner like wise had a possible maximum beyond one year, but received a sentence of less than on year . . . ." (Doc. # 553 at p. 3) (errors in original).

The terms of United States Sentencing Guideline § 4B1.1(a) are clear with respect to prior convictions. A defendant is a "career offender" if that defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The term "controlled substance offense" is defined at Guideline § 4B1.2(b) as "an offense under federal or state law, punishable by imprisonment of a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispending of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."

Based on the foregoing, Petitioner's 2004 South Carolina drug conviction for Possession with Intent to Distribute Marijuana, 2nd Offense, clearly falls within the Guideline definition of "controlled substance offense." In his motion, Petitioner cites the Fourth Circuit's recent opinion

in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), as a basis for his argument to the contrary. (Doc. # 505). However, as the Government notes in its response, Petitioner's reliance on this case is misplaced, as Simmons concerned the unique sentencing regime in North Carolina's state court system and a particular North Carolina drug offense the violation of which does not necessarily subject the offender to the possibility of a one year term of incarceration. That is simply not true of the South Carolina offense at issue here. Under South Carolina law, Possession with Intent to Distribute Marijuana, 2nd Offense, carries with it a maximum potential sentence of greater than one year. See S.C. Code Ann. §§ 44-53-370.

Based on the foregoing, Petitioner has not presented any grounds upon which this Court can conclude that his sentence was illegally enhanced or that his counsel was deficient or ineffective in failing to object to the use of the 2004 conviction as a predicate offense.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 505) and the Government's motion for summary judgment is **GRANTED**. (Doc. # 520).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

May 2, 2012                                          __s/Terry L. Wooten_____
Florence, South Carolina                     United States District Judge